IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff/Respondent, | ) | | |
| | ) | | |
| vs. | ) | | |
| | ) | Case Nos. | 09-4136-JAR |
| DEREK WILLIAMS, | ) | | 06-40132-01-JAR |
| | ) | | |
| Defendant/Petitioner. | ) | | |
| | ) | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Derek Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 235). In his motion, petitioner seeks relief on the grounds that he was denied effective assistance of counsel while negotiating the plea agreement because his counsel failed to: (1) pursue a speedy trial claim, (2) investigate whether petitioner could have reasonably foreseen the drug distribution, given that the Indictment lists petitioner as only one of four defendants, (3) object to the admission of his co-conspirators' testimonies, and (4) file an appeal when requested to do so by petitioner following the guilty plea. The government has filed a Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 and to Enforce the Plea Agreement (Doc. 243). For the following reasons, the Court grants the government's motion to enforce the plea agreement and denies petitioner's motion.

**I.     Procedural Background**

On June 30, 2008, petitioner entered a guilty plea to Count 1 of the Information, which charged a violation of 21 U.S.C. § 846. The count to which petitioner pled guilty charged him

1

with conspiracy to distribute in excess of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.[1]

Petitioner was represented by attorney Melanie S. Morgan throughout these proceedings.[2] Petitioner signed a binding plea agreement[3] stating he understood that, if the Court accepted his plea agreement, he would be sentenced to 240 months of imprisonment and five years of supervised release, there would be no fine, and the mandatory special assessment of $100 must be paid during the defendant's incarceration.[4] The "binding" plea agreement states that, if the Court accepts the guilty plea, petitioner would not be permitted to withdraw it.[5] In both the Petition to Enter Plea of Guilty and the plea agreement itself, petitioner stated that his guilty plea was voluntary.[6] Also in both documents, petitioner indicated that he was "fully satisfied" with the advice and representation of his counsel, and he believed his attorney did "all that anyone could do to counsel and assist" him.[7]

Most importantly, in the plea agreement, petitioner acknowledged that he "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence."[8] In fact, the plea agreement specifically states that

---

[1] (Doc. 1).

[2] (Doc. 184 at 1, Doc. 235 at 5).

[3] (Doc. 184).

[4] *Id.* at 10.

[5] *Id.* at 12.

[6] *Id.* at 4, 16.

[7] (Doc. 185 at 4, 15-16).

[8] (Doc. 184 at 13).

2

he waived his right to challenge his sentence by "any collateral attack, including . . . a motion brought under Title 28, U.S.C. § 2255[.]"⁹ In exchange for petitioner's guilty plea, the government agreed to not file any additional charges against him arising out of the same facts as the Indictment.¹⁰

At the plea hearing, petitioner stated on the record that he was satisfied with his counsel's advice and representation, including his lawyer's explanation of the terms and consequences of the plea agreement.¹¹ The Court verified that there were no promises of leniency made by government officials and that petitioner was entering into the plea agreement under his own free will.¹² When the Court asked petitioner if he understood that he was agreeing to "waive [his] rights to appeal or . . . to collaterally attack the sentence in a habeas proceeding," petitioner responded affirmatively.¹³ Further, petitioner agreed that he understood that the Court's acceptance of his guilty plea would result in a sentence of 20 years in prison.¹⁴

Petitioner's sentencing hearing was held on October 6, 2008.¹⁵ The Court determined that petitioner had an adjusted offense level of 33 with a criminal history category of 5, for which the guidelines range is 210-262 months.¹⁶ After consideration of the binding plea

---

⁹ *Id.* at 13.

¹⁰*Id.* at 12.

¹¹ (Doc. 243-1 at 8).

¹² *Id.* at 8-9.

¹³ *Id.* at 16.

¹⁴ *Id.* at 17.

¹⁵ (Doc. 243-2 at 1).

¹⁶ (Doc. 243-2 at 2).

agreement, the Court imposed the sentence asked by the parties in the case.[17] Accordingly, the Court sentenced petitioner to 240 months of custody followed by five years of supervised release.[18] On October 5, 2009, petitioner filed the instant motion.[19]

## II. Analysis

The Court will first address whether petitioner waived his right to collaterally attack his sentence under § 2255 by knowingly and voluntarily entering a guilty plea under the agreement. The Court will then address petitioner's other grounds for relief. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court is required to conduct an evidentiary hearing in a § 2255 case.[20] In this case, the Court determines that the motion and files are conclusive in establishing that this petitioner is not entitled to relief on the grounds asserted in his motion.

### A. Waiver of the Right to Collaterally Attack Sentence

Petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.[21] The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and voluntarily.[22] Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally

---

[17] (Doc. 243-2 at 4).

[18] (Doc. 243-2 at 4).

[19] (Doc. 235).

[20] 28 U.S.C. 2255(b).

[21] (Doc. 184 at 13-14).

[22] *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

enforceable.[23] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[24]

### 1. Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[25] The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[26] As described above, petitioner's plea agreement contained a provision waiving his right to appeal and collaterally attack his sentence. The law ordinarily considers such a waiver sufficient "if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it."[27] In this case, it is clear from the language of the plea agreement itself, as well as the Rule 11 colloquy, at the plea hearing that petitioner understood he was waiving his right to appeal or collaterally attack as a condition of the plea agreement. It is further clear that petitioner understood his exact sentence should the Court accept the binding plea agreement. Therefore, the Court finds that the scope of this waiver unambiguously precludes petitioner from

---

[23] *United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

[24] *Hahn*, 359 F.3d at 1325.

[25] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[26] *Hahn*, 359 F.3d at 1328.

[27] *Id.* (emphasis in original).

collaterally attacking by way of a § 2255 motion any matter in connection with his prosecution, conviction, and sentence.

The Court finds that petitioner has not waived the right to bring a claim that falls within the *United States v. Cockerham*[28] exception provided for in the plea agreement.[29] Petitioner's ineffective assistance of counsel claims may fall outside the scope of the waiver under this exception, which the Court will address separately.[30]

### 2. *Knowing and Voluntary Waiver*

Petitioner's waiver is enforceable when said waiver is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[31] When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[32] Here, both requirements are met because the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily. For example, at the plea hearing, the Court explained to petitioner that his plea agreement contained the waiver, and the defendant agreed with that statement:

> THE COURT: All right. The plea agreement in paragraph

---

[28] 237 F.3d at 1187.

[29] All of petitioner's grounds for relief allege ineffective assistance of counsel. (Doc. 235 at 4-6).

[30] *Cockerham*, 237 F.3d at 1187 (holding that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver").

[31] *Id.* at 1183.

[32] *Hahn*, 359 F.3d at 1325.

6

> [nine] includes your agreement to waive your rights to appeal or
> your right to collaterally attack the sentence in a habeas proceeding
> with certain exceptions that allow you to still have some limited
> rights of appeal. Do you understand what that is in paragraph
> [nine], the waiver of appeal?
>
> THE DEFENDANT: Yes, ma'am.[33]

Petitioner also stated twice on the record that his decision to plead guilty was made voluntarily and of his own free will.[34] Further, he stated that he did not receive any promises or assurances that would have induced him to enter into the plea agreement, other than what was contained in the agreement itself.[35] Petitioner is "bound by his solemn declarations in open court" that contradict the statements in his motion that he did not understand the consequences of the plea or waiver of appeal.[36] Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver was given knowingly and voluntarily.

### 3. *Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[37] This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the

---

[33] (Doc. 243-1 at 16).

[34] *Id.* at 6, 9.

[35] *Id.* at 8-9.

[36] *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

[37] *Hahn*, 359 F.3d at 1327.

7

fairness, integrity, or public reputation of judicial proceedings.[38] The defendant bears the burden of demonstrating that his waiver meets one of the above requirements and thus qualifies as a miscarriage of justice.[39] Here, petitioner's sentence does not exceed the statutory maximum, there is no evidence of an error seriously affecting the judicial proceedings, nor is there any evidence that the district court relied on any impermissible factor. Therefore, petitioner's only plausible argument is that he received ineffective assistance of counsel in conjunction with the negotiation of the waiver, which is discussed below.

### B. Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective for: (1) failing to pursue a speedy trial claim, (2) investigate whether petitioner could have reasonably foreseen the drug distribution, given that the Indictment lists petitioner as only one of four defendants, (3) failing to object to the admission of co-conspirators' testimonies, and (4) failing to file an appeal when requested to do so by the petitioner following the guilty plea.[40] Under *United States v. Cockerham*,[41] a plea agreement waiver of post-conviction rights, such as those of appeal or collateral attack, "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[42] However, in order for petitioner's ineffective assistance claims to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of

---

[38] *Id.*

[39] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[40] (Doc. 235 at 4-6).

[41] 237 F.3d at 1187.

[42] *Id.*

the plea.[43]

In order to succeed on a claim of ineffective assistance of counsel, defendant must meet the two-prong test set forth in *Strickland v. Washington*.[44] Under that test, defendant must first show that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[45] The Court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[46] Second, defendant must show that counsel's deficient performance actually prejudiced his defense. "In the context of a guilty plea, the prejudice requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[47]

None of petitioner's claims survives the waiver of appeal in his plea agreement under *Cockerham*, either because there is no basis for a claim of ineffective assistance of counsel, or because the claim does not pertain to the validity of the plea, or both.

Petitioner's first claim of ineffective assistance of counsel is that counsel erred by failing to pursue a speedy trial claim. But counsel's decision not to pursue a speedy trial claim did not fall below an objective standard of reasonableness because there was no speedy trial claim to

---

[43] *Id.*

[44] 466 U.S. 668 (1984).

[45] *Id.* at 688.

[46] *Id.* at 690.

[47] *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

9

pursue. From Indictment to pleading, only nineteen non-excludable days were used.[48] Moreover, this error does not pertain to the validity of the plea.

Petitioner's next claim of ineffective assistance is that counsel failed to fully negotiate the plea agreement to his advantage because the Indictment lists petitioner as only one of four defendants. His argument focuses on the fact that he could not reasonably foresee the sale of five kilograms of cocaine since there were three other defendants. To the extent petitioner argues that counsel erred by not investigating whether he was guilty of the charged conspiracy, the Court finds no basis for a claim of ineffective assistance. "This sort of tactical decision to limit the scope of pre-trial investigation merits 'a heavy measure of deference to counsel's judgments.'"[49] "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[50] More importantly, this argument does not pertain to the validity of the plea. At the plea hearing, petitioner confirmed to the court that his attorney had explained all of the pending charges to him, explained the evidence against him, advised him regarding the court process, ensured that petitioner understood the terms of the plea agreement and the petition to enter a guilty plea, as well as advised him regarding the potential consequences of a guilty plea.[51] To the extent his argument goes to the drug quantity used to assess defendant's guidelines range at sentencing, it does not pertain to the validity of the plea. This was a binding plea agreement,

---

[48]*See* 18 U.S.C. § 3161.

[49]*Petsche v. Tafoya*, 146 F. App'x 306, 311 (10th Cir. 2005) (quoting *Strickland*, 466 U.S. at 691).

[50]*Strickland*, 466 U.S. at 691; *see also Thao v. Conover*, 159 F. App'x 842, 845 (10th Cir. 2005).

[51] (Doc. 243-1 at 3, 6-8).

which required the Court to apply a twenty-year term of custody, regardless of the guidelines calculation for petitioner's sentence.

Petitioner next claims that it was error for counsel not to object to the admission of his co-conspirators' testimonies. He states that "counsel failed to invoke the court's gatekeeping duties under Federal Rules of Evidence, that is in relationship to the existence of the alledge [sic] conspiracy charge before the admission of testimony of the alledge [sic] co-conspirators Lavencia Harris, Kalvin Dotson, Anthony Thompson, and other persons whose identities are 'unknown,' absent any other independent evidence." Petitioner has no basis to claim ineffective assistance on this point because the co-conspirator testimony to which he refers was considered at sentencing. The Federal Rules of Evidence do not apply to sentencing hearings.[52]

Petitioner's fourth claim for ineffective assistance is that counsel erred by failing to file an appeal. This argument fails because it does not impact the validity of the plea.[53]

In his Petition to Enter Plea of Guilty, petitioner stated that he believed his attorney had "done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP SHE HAS GIVEN ME."[54] In the Plea Agreement itself, petitioner states that he "has had sufficient time to discuss this case, the evidence, **and this agreement** with [his] attorney and [he] is fully satisfied with the advice and representation provided by [his]

---

[52]*See, e.g.*, *United States v. Scott*, 529 F.3d 1290, 1298 (10th Cir. 2008).

[53] *United States v. Macias*, 229 F. App'x 683, 687 (10th Cir. 2007) (a claim that counsel was ineffective for failing to consult with defendant post-sentencing regarding an appeal, when the right to appeal was waived in a plea agreement, is barred by the plea agreement waiver, which the government sought to enforce); *United States v. Davis*, 218 F. App'x 782, 784 (10th Cir. 2007) (a claim of ineffective assistance for failure to file an appeal "does not go to the validity of the waiver or his plea agreement").

[54] (Doc. 184 at 4 (emphasis in original)).

counsel."[55] When the Court asked petitioner if he was "satisfied with the advice and representation" he had received from his attorney, petitioner answered "yes."[56] Petitioner cannot now contend that his attorney failed to discuss the waiver of appeal with him when petitioner himself stated that he discussed the terms of the plea agreement with counsel to petitioner's satisfaction prior to entering the plea. Therefore, petitioner's claim that counsel failed to advise him regarding his right to appeal is unconvincing.

The record shows that petitioner entered into the plea agreement with all appropriate information regarding his sentencing and his right to appeal. The Court clarified during the plea colloquy that, if the Court accepted the plea agreement, it was bound by the proposed sentence contained in the agreement, which was twenty years of imprisonment.[57] Also, the Court confirmed with petitioner that he understood he was waiving his rights of appeal or collateral attack under the plea agreement.[58] Petitioner has not shown that but for his counsel's ineffectiveness he would have pled not guilty and proceeded to trial; therefore, he cannot show a basis for a claim of ineffective assistance. The Court finds that petitioner has failed to establish prejudice or that his counsel's performance "fell below an objective standard of reasonableness."[59] Because there is no basis for petitioner's claims of ineffective assistance of

---

[55] (Doc. 184 at 16 (emphasis added)).

[56] (Doc. 243-1 at 8).

[57] (Doc. 243-1 at 10-12).

[58] (Doc. 243-1 at 16).

[59] *Strickland*, 466 U.S. at 687-88.

counsel, his § 2255 motion is barred by the waiver included in his plea agreement.[60]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 235) is DENIED;

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Plea Agreement and for Dismissal of Defendant's § 2255 Motion (Doc. 243) is GRANTED;

**IT IS FURTHER ORDERED** that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 is DENIED;

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis (Doc. 236) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: April 26, 2010

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE

---

[60] *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (requiring that there be a basis for an ineffective assistance claim before it can survive a waiver).