# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent,** ) | |
| ) | |
| vs. ) | |
| ) | Case Nos. 06-40132-JAR |
| **DEREK WILLIAMS,** ) | 09-4136-JAR |
| ) | |
| **Defendant/Petitioner.** ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion to proceed in forma pauperis (Doc. 250) and for the district court's decision on whether to issue a certificate of appealability.

On April 26, 2010, the Court issued a Memorandum and Order denying petitioner's Motion to Vacate under 28 U.S.C. § 2255, granting the government's Motion to Enforce Plea Agreement, and denying any certificate of appealability under the provisions of 28 U.S.C. § 2253 (Doc. 246). On May 13, 2010, petitioner filed a "Notice of Appeal" (Doc. 247), and the Tenth Circuit has docketed the appeal and indicated by its letter that the district court would be reviewing the issuance of a certificate of appealability (Doc 249). Petitioner has since filed a motion to proceed in forma pauperis (Doc. 250). In his notice of appeal, petitioner indicates that he intends to appeal the issues raised in his motion to vacate under 28 U.S.C. § 2255. In his original motion, petitioner raised the issue of whether the waiver of the right to collaterally attack his sentence, contained in his plea agreement, is enforceable because it was the product of ineffective assistance of counsel (Doc. 235). The Court more fully considers whether a certificate of appealability ("COA") is appropriate with regard to these issues pursuant to 28

U.S.C. § 2253.[1]

An appeal from a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a judge or circuit judge issues a COA.[2] Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[3] Petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[4] Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[5] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[6]

In his notice of appeal, petitioner merely states that he is appealing "The Judgement entered in the District Court of conviction and sentence imposed on the 27 day of April, 2010. To the United States Court of Appeals for the 10th Circuit."[7] Based on petitioner's § 2255 pleadings, it appears he contends that the waiver in the plea agreement should not have been enforced because under *United States v. Cockerham*,[8] his counsel was ineffective in that he failed

---

[1] *See* 28 U.S.C. § 2253(c)(1)(B), (c)(3); Fed. R. App. P. 22(b); *see also Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as application for COA).

[2] 28 U.S.C. § 2253(c).

[3] 28 U.S.C. § 2253(c)(2).

[4] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[6] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

[7] (Doc. 247.)

[8] 237 F.3d 1179 (10th Cir. 2001).

to (1) pursue a speedy trial claim, (2) investigate whether petitioner could have reasonably foreseen the drug distribution with which he was charged, (3) object to the admission of his co-conspirators' testimonies, and (4) file an appeal when requested to do so by petitioner following the guilty plea. Petitioner argues that these alleged failures on the part of counsel affected his decision to plead guilty. The Court declines to issue a certificate of appealability on this issue. The Court explained in its April 26, 2010 Memorandum and Order that the waiver was enforceable and that this ineffective assistance claim did not fall within the *Cockerham* exception because there was no basis for a claim of ineffective assistance of counsel. The Court found that under *Strickland v. Washington*,[9] counsel's performance did not fall below an objective standard of reasonableness and did not amount to prejudice. Furthermore, the allegations of ineffectiveness did not pertain to the validity of the plea or the waiver. Because reasonable jurists would not find the Court's assessment of this claim debatable or wrong, a certificate of appealability should not be issued.

Petitioner has also filed a motion to proceed in forma pauperis. 18 U.S.C. § 1915(d) applies a lenient standard for fivolousness, permitting dismissal only if a petitioner cannot make any rational argument in law or fact entitling him to relief.[10] A claim that is unmeritorious under Federal Rule of Civil Procedure 12(b)(6) is not necessarily frivolous under the more lenient standard of § 1915(d).[11] Therefore, the Court grants petitioner's request to proceed in forma pauperis, as one or more of petitioner's arguments do satisfy the minimal threshold of being

---

[9] 466 U.S. 668 (1984).

[10] *Neitzke v. Williams*, 490 U.S. 319, 322–23 (1989).

[11] *Id.* at 329.

3

reasoned and not frivolous.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's motion to proceed in forma pauperis (Doc. 250) is **granted**, but his request for issuance of a certificate of appealability is **denied.**

**IT IS SO ORDERED.**

Dated: June 21, 2010

                                        S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE

---

[12]*See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.")